Brenda S. COLLISON, Plaintiff–
Appellant,

v.

INTERNATIONAL CHEMICAL WORK-
ERS UNION, LOCAL 217; International
Chemical Workers Union, Defendants–
Appellees.

No. 93–2484.

United States Court of Appeals,
Fourth Circuit.

Argued May 12, 1994.

Decided Sept. 1, 1994.

**3.** If a state law privilege does exist, then we must determine whether or not to apply it in the circumstances of this case.

**ARGUED:** Paul Alan Levy, Public Citizen Litigation Group, Washington, DC, for appellant. Patty Parsons Ritzenthaler, Abato, Rubenstein & Abato, P.A., Baltimore, MD, for appellees. **ON BRIEF:** Alan B. Morrison, Public Citizen Litigation Group, Washington, DC, for appellant. Robert W. Lowrey, Gen. Counsel, Intern. Chemical Workers Union, Akron, OH, for appellees.

Before WILLIAMS, Circuit Judge, PHILLIPS, Senior Circuit Judge, and HILTON, United States District Judge for the Eastern District of Virginia, sitting by designation.

Reversed and remanded by published opinion. Judge WILLIAMS wrote the opinion, in which Senior Judge PHILLIPS and Judge HILTON joined.

## OPINION

WILLIAMS, Circuit Judge:

This is an appeal from the district court's denial of Brenda Collison's motion to alter or amend summary judgment granted in her favor. Collison filed this action against the International Chemical Workers Union (ICWU), and Local 217 (Union), alleging, among other things, that she had been subjected to intra-union discipline for slander in violation of her free speech rights under§ 101(a)(2) of the Labor Management Reporting and Disclosure Act (LMRDA), 29 U.S.C. § 411(a)(2) (1988), and that her automatic suspension from membership pending her trial on slander charges violated her due process rights under § 101(a)(5) of the LMRDA, 29 U.S.C. § 411(a)(5) (1988). The district court granted Collison's motion for summary judgment on the free speech issue without mentioning the due process issue or Collison's request that the Union be required to notify its membership that the provisions

she had challenged were invalid and would no longer be applied.

Collison filed a timely motion to alter or amend the judgment under Fed.R.Civ.P. 59(e), seeking resolution of the due process issue and notification to the Union membership. The district court denied the motion stating that it did not need to reach the due process issue because entry of summary judgment on the free speech issue made Collison whole. The denial of her request for injunctive relief was based on the fact that, because the case was not a class action, there was no need for equitable relief broader than that needed to restore Collison to the *status quo ante.*

In our view, Collison's due process claim is separate and distinct from her free speech claim and, therefore, resolution of the free speech issue does not make the due process claim moot. Because we agree that Collison's automatic suspension from membership pending her trial violated her due process rights under § 101(a)(5), we reverse the denial of her motion to alter and amend and hold that she is entitled to judgment as a matter of law on that claim. With regard to her request for injunctive relief in the form of notification to the Union membership of the invalidity of the slander and interim suspension provisions, we remand for the district court, in its discretion, to fashion appropriate relief.

## I.

At the time of the events in question, Brenda Collison was a member of Local 217 of ICWU, which represents the employees of Lever Brothers in Baltimore, Maryland. In March 1993, while Collison was being trained to qualify as an Electronic Technician, she reported an accident involving a coworker to management. Collison also reported to management her belief that the accident was alcohol-related, and gave management the names of two other workers who had been with the employee involved in the accident.

On April 13, 1993, Collison received a certified letter dated April 9, 1993, directing her to appear before the Union's Executive Board on April 14, 1993, to answer charges that she had violated four enumerated provisions of the Union constitution, including a provision permitting punishment of members for "maliciously and falsely slandering" other members or officers. (J.A. at 63, 59.) The letter also informed Collison that she could bring any witnesses on her behalf to the hearing and that Article XII, Section 5 of the Uniform Local Union Constitution and By-laws outlined her rights while under charges. Article XII, Section 5 provides that "[n]o person shall be permitted to participate in the affairs of the Union while under charges, except that they shall not be barred attendance at the trial meeting...." (J.A. at 60.) The same provision is included in Article XVI, Section 38 of the Constitution of the ICWU.

Collison appeared before the Executive Board, but left after the denial of her requests for an extension of time and for a copy of the charges against her. The Executive Board voted to accept the charges levied against Collison and to hold a trial the following month. Pursuant to Article XII, Section 5, Collison was suspended. Collison appealed her interim suspension to ICWU and was granted a waiver of the application of the interim suspension provision. Before the waiver was granted, however, she had been excluded from participation in the April 14 membership meeting because of the suspension. At Collison's trial on May 12, 1993, she was found guilty of the charges, fined $100, and permanently expelled from the Union. Collison appealed to ICWU, and the expulsion was reduced to a six-year suspension.

Collison filed this action on June 30, 1993, alleging, *inter alia,* (1) that she had been subjected to intra-union discipline in retaliation for having made complaints about violations of work place safety laws, in violation of her free speech rights under § 101(a)(2) of the LMRDA; (2) that the discipline imposed was inconsistent with § 101(a)(2) of the LMRDA; and (3) that her automatic suspension from membership pending trial violated § 101(a)(5) of the LMRDA. Collison moved for summary judgment, focusing primarily on the free speech issue, and the Union moved for a stay of the proceedings pending exhaustion of intra-union remedies.

In an October 6, 1993 order, the district court declined to stay the proceedings and held that under *Kowaleviocz v. Local 333, International Longshoremen's Association,* 942 F.2d 285 (4th Cir.1991), union rules authorizing intra-union discipline for slander are void and unenforceable as violations of union members' free speech rights. Accordingly, the district court invalidated both the ICWU and Local Union provisions regarding slander and Collison's discipline under them. The district court did not mention Collison's due process claims regarding the interim suspension, and did not include any provision in the order requiring notification to the Union membership that the slander provision had been invalidated, as requested by Collison.

Collison filed a motion to alter or amend the judgment under Fed.R.Civ.P. 59(e), seeking resolution of the remaining uncontested issues, such as her LMRDA due process challenge to the interim suspension, and the notification to the Union membership that she had requested. The district court, in a handwritten marginal order entered prior to the Union's response, denied the motion saying:

Motion read, considered, and *denied.* (1) The Court is *not* of the opinion that ¶ 9 is. void under the LMRDA and did not need to, nor does it now need to, reach that issue to make plaintiff whole and (2) in that this is not a class action, there is no need for equitable relief broader than that needed to restore plaintiff to the *status quo ante,* such as an order to defendants to rescind § 5.

(J.A. at 109 (emphasis in original).) Collison appeals from the denial of this order and seeks summary judgment in her favor on her due process challenge to the interim suspension as well as the award of the injunctive relief she requested for both the due process and the free speech claims. We turn first to her request for summary judgment on her due process claim and then address her plea for injunctive relief.

## II.

■ We review the denial of a motion to alter or amend under Fed.R.Civ.P. 59(e) for abuse of discretion. *Temkin v. Frederick County Comm'rs,* 945 F.2d 716, 724 (4th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 1172, 117 L.Ed.2d 417 (1992). " 'Abuse of discretion' is a legal term of art; it is not a wooden term but one of flexibility, dependent on the type of case in which it is to be applied and the posture of the case when it arises." *Direx Israel, Ltd. v. Breakthrough Medical Corp.,* 952 F.2d 802, 814 (4th Cir. 1991). In the Rule 59(e) context, we have previously stated that

[w]hile the Rule itself provides no standard for when a district court may grant such a motion, courts interpreting Rule 59(e) have recognized three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.

*Hutchinson v. Staton,* 994 F.2d 1076, 1081 (4th Cir.1993).

■ Collison claims that the district court's denial of her motion to amend the summary judgment order to address her LMRDA due process claim falls into the third category, as a clear error of law. The district court ruled in denying the motion to alter or amend that the court did not need to reach the due process issue to make Collison whole. In essence, the court held that resolution of Collison's First Amendment claim rendered her due process claim moot. However, there is no question that if Collison's due process claim is not moot, the district court should have ruled on it. To enter final judgment, notwithstanding "an express determination that there is no just reason for delay and upon an express direction for the entry of judgment" the court must rule on *all* claims presented. Fed.R.Civ.P. 54(b). Courts also have an obligation to resolve justiciable causes of action brought before them. "We have no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given." *Cohens v. Virginia,* 19 U.S. (6 Wheat.) 264, 404, 5 L.Ed. 257 (1821). Furthermore, if there are no genuine issues of material fact as to the due process claim and she is entitled to judgment as a matter of law, it would be

clear error, absent some exceptional reason, not to grant summary judgment in her favor. *See, e.g., Forest Hills Early Learning Center, Inc. v. Lukhard,* 728 F.2d 230, 245 (4th Cir.1984); Fed.R.Civ.P. 56(c) ("The judgment sought *shall* be rendered forthwith if ... there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law.") (emphasis added).

We begin our discussion, as is appropriate, with the question of whether Collison's LMRDA due process claim is moot. Specifically, we consider the Union's contention that her § 101(a)(5) due process claim merged with her § 101(a)(2) free speech claim, thereby making her due process challenge to the interim suspension provision moot. We also address the Union's assertion that, after the district court's invalidation of her expulsion, Collison no longer had a legally cognizable interest in the resolution of her due process claim. Because we conclude that Collison's claim is not moot, we turn to the merits and hold that the challenged Union provisions do violate § 101(a)(5) and that Collison is entitled to judgment as a matter of law on her LMRDA due process claim.

### A. *Mootness*

■ The Union argues that Collison's free speech claim under § 101(a)(2) merged with her due process claim under § 101(a)(5) and, therefore, the district court's ruling in her favor on the free speech claim makes her due process claim moot. Essentially, the Union contends that if it could not discipline Collison for her free speech rights at all, then inquiring into whether the discipline was imposed in a manner that also violated her LMRDA due process rights is not necessary. This contention might be correct if Collison were attacking the sufficiency under § 101(a)(5) of the procedural due process afforded her at the trial which resulted in her expulsion, but she is not. She is not attacking under § 101(a)(5) the fairness of the proceedings pursuant to which she was expelled, her expulsion after those proceedings, or the suspension ultimately imposed by the ICWU. These issues, if they were in fact the basis for Collison's claims on appeal, would indeed

have been mooted by the district court's grant of summary judgment in her favor on the free speech claim, and the Union's merger argument would be appropriate. What Collison is challenging is the interim suspension imposed on her by the Executive Board prior to the trial finding her guilty of slander. This suspension was required by Article XII, Section 5, of the Union Constitution, and her challenge to the interim suspension provision is distinct from her claim regarding the slander provision.

Review of the cases relied on by the Union in support of its argument that Collison's due process claim is moot demonstrates this distinction. In *Pygatt v. Painters' Local No. 277,* 763 F.Supp. 1301, 1308–09 (D.N.J.1991), the § 101(a)(5) due process challenges raised by the plaintiffs were targeted at the proceeding that resulted in the imposition of the charges and fines against them, even though the charges and fines had already been dismissed by the Union. In *Caldwell v. International Longshoremen's Ass'n Local 1694,* 696 F.Supp. 132, 139 (D. Del.1988), the court, "[h]aving found that plaintiffs were disciplined in retaliation for their exercise of their protected right to free speech, [did] not need to consider the issue of the propriety of the method of discipline." In these cases, the plaintiffs, unlike Collison, were asserting LMRDA due process challenges to the proceedings that resulted in their ultimate discipline. *But see Newell v. International Bhd. of Elec. Workers,* 789 F.2d 1186, 1190 (5th Cir.1986) (appellants did not challenge facial validity of a union rule requiring suspension pending charges, but merely argued in passing that absence of pre-deprivation hearing violated § 101(a)(5); court held that because appellants did not challenge the ultimate factual basis for their expulsion they could not demonstrate prejudice). Collison, in contrast, is challenging the procedural validity under the LMRDA of her suspension *prior to* her trial on slander charges, not the procedural aspects of that proceeding. In this context, we do not agree that her LMRDA due process claim has merged into her free speech claim or that it is moot.

The Union also contends that, because the district court correctly concluded that Colli-

son had been made whole by resolution of the free speech claim in her favor and the invalidation of her expulsion, there was no further relief to which she was entitled. In response, Collison asserts that she suffered distinct injuries as a result of the interim suspension, specifically emotional distress, mental anguish, and a chilling effect on the exercise of her rights of Union membership, including the prohibition of her attendance at the April 14 membership meeting.

In an affidavit filed in support of her summary judgment motion, Collison averred that her experience with the Union throughout the pendency of the proceedings caused her to suffer emotional distress. There is no question that emotional distress damages are available for violations of § 101(a)(5). *See Keeffe Brothers v. Teamsters Local Union No. 592*, 562 F.2d 298, 304 (4th Cir.1977); *Bradford v. Textile Workers of America*, 563 F.2d 1138, 1144 (4th Cir. 1977). The Union contends, however, that Collison has neither plead nor proved emotional distress damages arising from the interim suspension, and, therefore, this injury is not sufficient to avoid mootness. Although she did not specifically ask for emotional distress damages in her complaint,[1] her summary judgment motion, or her motion to alter or amend, we conclude that Collison's general averment of damages and the factual basis for those damages as outlined in her affidavit is sufficient to spare her LMRDA due process claim from mootness. *See Insurance Servs. of Beaufort, Inc. v. Aetna Casualty & Sur. Co.*, 966 F.2d 847, 853 (4th Cir.1992) (an averment of general damages is sufficient to state a claim for nominal damages, and a plaintiff might be entitled to nominal damages, particularly in vindicating the violation of a right, where a wrong and a loss are established even if actual damages cannot be precisely ascertained). Moreover, as discussed above, Collison's § 101(a)(5) due process claim is separate and distinct from her § 101(a)(2) free speech claim and under § 102 of the LMRDA, 29 U.S.C. § 412 (1988),[2] she is clearly entitled to its redress.

Because Collison's due process claim is not moot, it was an abuse of discretion for the district court to deny her motion to amend the summary judgment order to include an analysis of the merits of this claim.

## B. *The Merits*

Section 101(a)(5) of the LMRDA provides:

(5) Safeguards Against Improper Disciplinary Action. No member of any labor organization may be fined, suspended, expelled, or otherwise disciplined except for nonpayment of dues by such organization or by any officer thereof unless such member has been (A) served with written specific charges; (B) given a reasonable time to prepare his defense; (C) afforded a full and fair hearing.

29 U.S.C. § 411(a)(5). It is apparent that Collison's interim suspension from Union activities, even though temporary, qualifies as a suspension encompassed within the terms of § 101(a)(5). *See Rosario v. Amalgamated Ladies' Garment Cutters' Union, Local 10*, 605 F.2d 1228, 1238 (2d Cir.1979) (power to discipline by suspension of right to attend membership meetings still requires finding, after a full and fair hearing, of a violation of a legitimate union rule), *cert. denied*, 446 U.S. 919, 100 S.Ct. 1853, 64 L.Ed.2d 273 (1980). Although Collison has attacked the sufficiency of the written notice of charges and the one-day time period to prepare prior to the imposition of the interim suspension, her primary challenge in this court is a facial attack on the legality of Article XVI, Section 38 of the ICWU Constitution, and Article

---

1. In addition to the declaratory and injunctive relief that she sought in her complaint, Collison requested "such further relief as may be just and proper." (J.A. at 16.)

2. This section provides:
   Any person whose rights secured by the provisions of this subchapter have been infringed by any violation of this subchapter may bring a civil action in a district court of the United States for such relief (including injunctions) as may be appropriate. Any such action against a labor organization shall be brought in the district court of the United States for the district where the alleged violation occurred, or where the principal office of such labor organization is located.
   29 U.S.C. § 412.

XII, Section 5 of the Local Union Bylaws, both of which require that members be suspended from Union activities pending resolution of charges. According to Collison, even had the notice and time to prepare been sufficient, § 101(a)(5) was still violated because she was suspended prior to a full and fair hearing to determine whether she actually committed a violation.

■ The Union does not defend the facial validity of the interim suspension provisions under § 101(a)(5); it merely argues that Collison received sufficient notice of the sections of the constitution she was alleged to have violated, and the short time period was due to her delay in picking up her mail. These arguments do not address the core problem with Article XVI, Section 38 of the ICWU Constitution and Article XII, Section 5 of the Local Union Bylaws, which is the requirement that disciplinary action be imposed on a Union member, in the form of an interim suspension, prior to any hearing determining whether she has, in fact, committed an infraction. Application of the interim suspension provisions in this case resulted in Collison being subjected to discipline merely because slander charges were brought against her. Even though the slander provisions have been invalidated as a result of Collison's challenge, the interim suspension provision is not restricted in application to slander charges and the same interim suspension provision could be invoked with regard to any other charges that might be brought against a Union member.

The Union makes no pretense that the Executive Board purported to do anything more than investigate the charges against Collison and decide whether to accept them. Such an investigation, in and of itself, is not a violation of the statute. However, to impose discipline simply as a result of the pendency of a full hearing, with no conclusion as to the Union member's commission of an offense, violates the right to a full and fair hearing prior to the imposition of discipline guaranteed to all Union members in § 101(a)(5). Accordingly, Collison is entitled to judgment as a matter of law on her claim that the interim suspension provisions are facially invalid under § 101(a)(5), and we remand for

the district court to enter summary judgment in her favor and declare the provisions void and unenforceable. *See* LMRDA § 101(b), 29 U.S.C. § 411(b) (1988) ("Any provision of the constitution and bylaws of any labor organization which is inconsistent with the provisions of this section shall be of no force and effect.")

### III.

■ In her motion to amend or alter the judgment, Collison also requested that, in addition to rescinding the challenged provisions, ICWU and the Union be required to inform their membership that the slander and interim suspension provisions had been rescinded. According to Collison, such notice is necessary to eradicate fully the chilling effect of these provisions on members' exercise of their rights. The district court denied this relief on the ground that Collison had not brought a class action and there was no need for equitable relief broader than that needed to restore her to the *status quo ante,* such as an order to defendants to rescind the offending provision. Because we conclude that the district court should have more fully considered the context of Collison's claim, we remand for reconsideration, and a possible hearing, by the district court regarding the appropriateness of this relief.

"It is well established ... that a federal district court has wide discretion to fashion appropriate injunctive relief in a particular case." *Richmond Tenants Org., Inc. v. Kemp,* 956 F.2d 1300, 1308 (4th Cir.1992). Moreover, there is direct statutory authority in LMRDA § 102, 29 U.S.C. § 412, to grant "such relief (including injunctions) as may be appropriate" when violations of the LMRDA are found. Other courts have held that the broad grant of discretionary power in LMRDA § 102 is "to be broadly construed to effectuate the purposes of the statute." *Semancik v. United Mine Workers of Am. Dist. # 5,* 466 F.2d 144, 156 (3d Cir.1972) (citations omitted). The LMRDA also contains a statutory directive in LMRDA § 105, 29 U.S.C. § 415 (1988), that labor organizations inform their membership regarding the provisions of the LMRDA. We believe that this statutory context might well make the

notification requested by Collison available to combat the chilling effect of these provisions, undisputed by the Union, despite the fact that this is not a class action. Indeed, other courts invalidating union constitutional provisions and bylaws as contrary to the LMRDA have granted such relief. *See Pawlak v. Greenawalt,* 477 F.Supp. 149, 151 (M.D.Pa. 1979) (requiring the Teamsters to publish in their monthly magazine the court order invalidating union constitutional provision because of the chilling effect of the provision), *aff'd,* 628 F.2d 826 (3d Cir.1980); *Nelson v. International Ass'n of Bridge, Structural, and Ornamental Iron Workers,* 680 F.Supp. 16, 131 L.R.R.M. 2025, 2032 (BNA) (D.D.C. 1988) (order requiring union to publish notice of court's decision striking constitutional provision in monthly newsletter included in BNA publication but not in West publication). The district court should consider its broad discretion on remand in determining what relief is appropriate.[3]

### IV.

In summary, we conclude that Collison's due process claim under § 101(a)(5) is not moot and the district court should have addressed this claim. Therefore, we reverse the denial of her motion to alter or amend. We also hold that, as a matter of law, Article XVI, Section 38 of the ICWU Constitution and Article XII, Section 5 of the Local Union Bylaws violate the due process provisions of the LMRDA and should be declared void and unenforceable. We direct the district court to enter summary judgment for Collison on her LMRDA claim. We also remand for the district court to determine the appropriate relief to which Collison is entitled.

*REVERSED AND REMANDED.*

---

3. The district court should also address the issue which arose at oral argument regarding a notice that has been sent to local unions addressing the continuing validity of the provisions challenged in this case, and the adequacy of this notice if offered to satisfy any injunctive relief that might be imposed.