**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 95-7791

HAYWOOD WILLIAMS, JR.,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
J. Calvitt Clarke, Jr., Senior District Judge.
(CR-80-14-N, CA-95-957-2)

Submitted: February 7, 1996

Decided: February 29, 1996

Before MURNAGHAN and WILLIAMS, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Haywood Williams, Jr., Appellant Pro Se. Janet S. Reincke, OFFICE
OF THE UNITED STATES ATTORNEY, Norfolk, Virginia, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Haywood Williams, Jr., appeals from district court orders denying his 28 U.S.C. § 2255 (1988) motion and denying reconsideration thereof. We affirm.

Regarding the substance of the § 2255 motion, Williams's claim that his convictions under 21 U.S.C.A. §§ 846, 848 (West 1981 & Supp. 1995) violate the Double Jeopardy Clause is frivolous. This court vacated his § 846 conviction in a prior decision and properly left the § 848 conviction undisturbed. United States v. Williams, No. 88-7400, 1991 WL 107588 at **1 (4th Cir. June 21, 1991) (as amended July 15, 1991), cert. denied, 502 U.S. 949 (1991); see also United States v. Johnson, 54 F.3d 1150, 1163 (4th Cir.) (only lesser-included offense should be vacated), cert. denied, 64 U.S.L.W. 3248 (U.S. 1995).

Williams's second claim, that the § 848 conviction cannot stand because the § 846 violation served as a predicate offense is also meritless. The § 846 violation may serve as a predicate offense. United States v. Heater, 63 F.3d 311, 318 (4th Cir. 1995), cert. denied, 64 U.S.L.W. 3485 (U.S. 1996).

Regarding the motion for reconsideration, Williams contended that the district court misconstrued the motion as one under § 2255 rather than one under Fed. R. Crim. P. 35. The district court properly construed Williams's Fed. R. Crim. P. 35 motion as one under § 2255 because the only cognizable Rule 35 claim was frivolous and the other claim was properly considered only under § 2255. United States v. Pavlico, 961 F.2d 440, 443 (4th Cir.), cert. denied, 506 U.S. 848 (1992). Williams's other allegations in his motion for reconsideration regarded claims not raised in the § 2255 motion and were, therefore, inappropriate on motion for reconsideration. See Collison v. International Chem. Workers Union, Local 217, 34 F.3d 233, 236 (4th Cir. 1994).

Therefore, we affirm the district court orders denying Williams's § 2255 motion and denying reconsideration of that order. We dis-

2

pense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3