**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

GROVER MEADOWS,
Plaintiff-Appellant,

v.

No. 96-2694

BOARD OF TRUSTEES OF PRINCE
GEORGE'S COMMUNITY COLLEGE,
Defendant-Appellee.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
William G. Connelly, Magistrate Judge.
(CA-95-972-PJM)

Submitted: May 29, 1997

Decided: June 11, 1997

Before NIEMEYER, LUTTIG, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Erroll D. Brown, Landover, Maryland, for Appellant. Douglas F.
Murray, WHITEFORD, TAYLOR & PRESTON, L.L.P., Baltimore,
Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Grover Meadows appeals from the district court's* orders granting summary judgment in favor of Defendant, dismissing his discrimination action pursuant to 42 U.S.C. § 1981 (1994), and denying his Fed. R. Civ. P. 59(e) motion. Meadows alleged discrimination on the basis of his race, based on his expulsion from Prince George's Community College (PGCC), and Defendant's pursuit of criminal trespass actions against him for entering onto PGCC property following his dismissal and expulsion.

Our review of the record and the magistrate judge's opinion discloses that this appeal is without merit. The magistrate judge properly found that Meadows failed to demonstrate "purposeful and systematic discrimination," particularly given his deposition testimony. See Albert v. Caravano, 851 F.2d 561, 573 (2d Cir. 1988) (quoting Birnbaum v. Trussell, 347 F.2d 86, 90 (2d Cir. 1965)).

On appeal, Meadows claims that the district court failed to address his claims that he had a right to enter campus as a student for the purpose of filing a discrimination claim, as a non-student to go to his place of employment, and as a member of the general public to attend a cultural arts festival. We find that even assuming, arguendo, that Meadows had a legal right to go onto campus after he was notified not to, he still failed to demonstrate any fact which would support a finding of racial discrimination under § 1981. Accordingly, we cannot say that the district court's finding of non-discrimination was in error. Anderson v. City of Bessemer, 470 U.S. 564, 574 (1985).

Moreover, because the district court properly dismissed Meadows' underlying case on the merits, we find that it did not abuse its discretion in denying Meadows' Rule 59(e) motion. See Collision v. International Chem. Workers Union, 34 F.3d 233, 236 (4th Cir. 1994). We therefore affirm the district court's orders. We dispense with oral

_____

*Pursuant to 28 U.S.C. § 636(c) (1994), the parties consented to having a magistrate judge conduct the proceedings, including the entry of a final judgment.

2

argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED

3