**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 96-7796

ROBERT LEE ARRINGTON,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Terrence W. Boyle, Chief District Judge.
(CR-91-79, CA-96-9-4-BO)

Submitted: May 28, 1998

Decided: July 27, 1998

Before WILKINS and LUTTIG, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Robert Lee Arrington, Appellant Pro Se. Fenita Morris Shepard,
OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North
Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Robert Lee Arrington was convicted of possession with the intent to distribute crack cocaine (21 U.S.C. § 841(a)(1) (1994)), using a firearm during a drug trafficking crime (18 U.S.C.A.§ 924(c) (West 1994 & Supp. 1998)), and possessing an unregistered short-barrel gun without a serial number (26 U.S.C. §§ 5861(d), (i), 5871 (1994)). Arrington appeals from the district court's orders denying his motion pursuant to 28 U.S.C.A. § 2255 (West 1994 & Supp. 1998) and his Fed. R. Civ. P. 59(e) motion for reconsideration. We vacate the district court's orders and remand for further proceedings consistent with this opinion.

In September 1990, a confidential informant made a controlled buy of crack cocaine from Arrington at Arrington's residence. Following the purchase, a search warrant for Arrington's residence was obtained. During the search, officers found five grams of crack cocaine, a double-barrel shotgun, a single-barrel shotgun, and cash. Arrington was subsequently convicted and did not appeal. Arrington later filed this § 2255 motion asserting that his § 924(c) conviction was improper in light of Bailey v. United States , 516 U.S. 137 (1995), because he did not "use" a firearm in relation to a drug trafficking offense. The district court dismissed the motion and Arrington filed a Rule 59(e) motion for reconsideration. The court then denied Arrington's motion for reconsideration and Arrington timely appealed both orders.

This court reviews a denial of a motion for reconsideration for an abuse of discretion. See Collison v. International Chem. Workers Union Local 217, 34 F.3d 233, 236 (4th Cir. 1994). The Court recognizes three grounds for Rule 59(e) relief: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. Id. (quoting Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993)). The timely appeal of an order regarding a Rule 59 motion brings both the Rule 59 order and the underlying order before this court. See Dove v. CODESCO, 569 F.2d 807, 809-10 (4th Cir. 1978).

2

Under § 924(c)(1), it is unlawful to use or carry a firearm during and in relation to any crime of violence or drug trafficking crime. In Bailey, the Supreme Court held that in order to obtain a conviction for "using" a firearm in the commission of a drug crime, the government must show "active employment" of the weapon. See Bailey, 516 U.S. at 144. Active employment may include "brandishing, displaying, bartering, striking with, and, most obviously, firing or attempting to fire a firearm." Id. at 148. There is no evidence in the record that Arrington actively employed a weapon during a drug trafficking crime. The district court stated that Arrington used the guns to embolden himself. However, Bailey overruled previous precedent in this Circuit holding that evidence is sufficient to support a § 924(c) conviction if a firearm was present for protection or to embolden the owner, whether or not it was actually used. See, e.g., United States v. Nelson, 6 F.3d 1049, 1053-54 (4th Cir. 1993); United States v. Brockington, 849 F.2d 872, 876 (4th Cir. 1988); see also Bailey, 516 U.S. at 149 (inert presence of a firearm, without more, is not enough to trigger § 924(c)). In addition, the Supreme Court has recently held that a federal prisoner may rely on Bailey in seeking § 2255 relief in relation to a § 924(c) conviction that became final before Bailey issued. See Bousley v. United States, #6D 6D6D# U.S. ___, 1998 WL 244204 (U.S. May 18, 1998) (No. 96-8516). Arrington, however, must demonstrate "actual innocence" to overcome his procedural default in not raising the claim on direct appeal. See id. Thus, because Arrington shows a clear error of law, we find that the court abused its discretion in denying Arrington's motion for reconsideration and his § 2255 motion.

Accordingly, we vacate the district court's orders denying Arrington's motion for reconsideration and his § 2255 motion and remand for further proceedings consistent with this opinion. Further, we deny Arrington's motion for release pending appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

3