**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JOSEPH H. WALTON,
Plaintiff-Appellant,

v.

CITY OF MANASSAS,
Defendant-Appellee,                                    No. 97-2702

and

DONALD I. ECHOLS; WADE WHETZEL;
JERI HUGGINS,
Defendants.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Albert V. Bryan, Jr., Senior District Judge.
(CA-97-531-A)

Submitted: July 28, 1998

Decided: August 14, 1998

Before NIEMEYER and HAMILTON, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Robert L. Cunningham, LAW OFFICES OF ROBERT L. CUN-
NINGHAM, White Stone, Virginia, for Appellant. Francis J. Prior,

Jr., SICILIANO, ELLIS, DYER & BOCCAROSSE, Fairfax, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Joseph Walton appeals from the district court's grant of summary judgment in favor of the City of Manassas in Walton's action filed under the Americans with Disabilities Act of 1990, 42 U.S.C.A. §§ 12101-12213 (West 1995 & Supp. 1998), and from the district court's denial of Walton's motion to alter or amend the judgment. We affirm.

Walton was hired by the City of Manassas as a waterworks operator in 1986. Manassas considered Walton a good employee until 1992, when his performance began to decline. Walton became unreliable and would abandon his job post; his supervisors were forced to assign him basic chores rather than the duties of a waterworks operator. Even though Walton's duties were decreased, he became unwilling to perform the simple tasks assigned to him. His behavior became increasingly bizarre, and he began to speak incessantly of Lorena Bobbitt. In one incident, Walton became upset when one of his supervisors suggested that he see a doctor, and he threatened to sue and then to kill the supervisor. Overall, Walton's supervisors believed that he presented a potential threat to the safety of himself and the proper operation of the water plant, which could jeopardize the water supply for Manassas.

On March 21, 1994, Walton met with Wade Whetzel, the water plant supervisor, and Don Echols, the water and sewer superintendent. Echols and Whetzel agreed to let Walton take paid vacation time from March 21 to March 26. Due to the concern over Walton's behavior

2

and his deteriorating job performance, Echols and Whetzel told Walton that if he wished to retain his position, he should contact Echols by March 28 with a decision on whether he wished to return to work, and then report to the Employee Assistance Program (EAP). Rather than contacting his superiors, on March 28 Walton had a co-worker deliver a letter to Echols and Whetzel, in which Walton stated that he refused to attend the EAP.

Walton then instructed a fellow employee to remove all personal items from his locker at work and take them to Culpeper, where Walton lived. Walton did not contact his superiors during this time, and he remained absent from work. On April 1, Echols forwarded Walton a letter stating that Walton's refusal to communicate with management staff, his request to have all his items removed from his work locker, and his continued absence without approved leave from work were interpreted as job abandonment. Accordingly, Manassas accepted these actions as Walton's resignation, effective March 31, 1994.

Walton filed this action under the Americans with Disabilities Act. Walton contended that he did not in fact suffer from a disability, but that Manassas regarded him as having a disability, thus bringing him within the protection of the Act. Walton claimed that Manassas terminated Walton due to this perceived mental disability. The district court granted Manassas' motion for summary judgment, holding that Manassas offered a legitimate reason for terminating Walton, misconduct, which Walton failed to show was pretextual. Walton subsequently moved to alter or amend the judgment, and the district court denied the motion. Walton appeals from both orders.

We review the district court's grant of summary judgment de novo, see Chisolm v. TranSouth Fin. Corp., 95 F.3d 331, 334 (4th Cir. 1996), and the district court's denial of Walton's motion to alter or amend the judgment under Fed. R. Civ. P. 59(e) for an abuse of discretion. See Collison v. International Chem. Workers Union, 34 F.3d 233, 236 (4th Cir.1994).

Even assuming Walton could make out a prima facie case of discrimination, he fails to rebut Manassas' legitimate, non-discriminatory reasons for terminating his employment. Walton

3

agreed on March 21 that he would notify Manassas on March 28 whether he agreed to attend EAP and thus retain his position. Rather than contact Manassas, Walton had an intermediary deliver a letter to Manassas which stated that he refused to attend EAP. Walton also had a fellow employee remove all his belongings from his work locker and take them to Walton's home. Walton remained absent from work for the next four days without leave and without contacting his superiors. On the fourth day, Manassas determined that Walton had abandoned his position, and thus terminated his employment effective March 31. Walton offers no evidence that Manassas' legitimate, non-discriminatory reason for terminating him, misconduct relating to his unexcused absence from work and apparent abandonment of his position, was pretextual. See Halperin v. Abacus Technical Corp, 128 F.3d 191, 196 (4th Cir. 1997); Ennis v. National Ass'n of Bus. & Educ. Radio, Inc., 53 F.3d 55, 58 (4th Cir. 1995). Accordingly, Walton failed to meet his burden of showing that he was the victim of intentional discrimination. See Ennis, 53 F.3d at 59; see also Martinson v. Kinney Shoe Corp., 104 F.3d 683, 686 n.3 (4th Cir. 1997) (noting that employer is free to discharge employee for misconduct even when related to disability).* The district court likewise did not abuse its discretion in denying Walton's motion to alter or amend the judgment. See Collison, 34 F.3d at 236; Hutchinson v. Staton, 994 F.2d 1076, 1081-82 (4th Cir. 1993).

We affirm the district court's grant of summary judgment to Manassas, and affirm the district court's denial of Walton's motion to alter or amend the judgment. We dispense with oral argument because the facts and legal contentions are adequately set forth in the materials before the court and argument would not aid the decisional process.

AFFIRMED
_____

*To the extent that Walton contends that requiring him to attend EAP as a condition of keeping his employment violated the ADA, such conditioning is not itself a violation of the ADA. See Cody v. Cigna Healthcare, 139 F.3d 595, 598-99 (8th Cir. 1998); Duda v. Board of Educ., 133 F.3d 1054, 1060 (7th Cir. 1998).

4