CIRCUIT CITY STORES, INC., Plaintiff,

v.

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Defendant.

No. Civ.A. 3:97CV538.

United States District Court, E.D. Virginia, Richmond Division.

Oct. 1, 1998.

David E. Nagle, Robert J. Grey, Jr., Ellen Duffy McKay, LeClair Ryan, Richmond, Virginia, W. Stephen Cannon, Pamela G. Parsons, Circuit City Stores, Inc., Richmond, Virginia, for plaintiffs.

Ellen J. Vargyas, Nicholas Inzeo, Thomas J. Schlageter, Gerald M. Goldstein, Office of Legal Counsel, Washington, D.C., Debra Prillaman, Assistant United States Attorney, United States Attorney's Office, Richmond, Virginia, for defendants.

## MEMORANDUM OPINION

PAYNE, District Judge.

By Memorandum Opinion and Order entered July 21, 1998 (the "July 21 Opinion"), the Court granted the motion of the Equal Employment Opportunity Commission, made pursuant to Fed.R.Civ.P. 12(b)(1), and dismissed without prejudice this declaratory judgment action brought by Circuit City Stores, Inc. The July 21 Opinion held that Circuit City's request for a declaration that its Associate Issue Resolution Program ("AIRP") did not violate federal employment discrimination laws was not yet ripe for judicial resolution. In securing the ruling in its favor, the EEOC repeatedly assured the Court that it had made no decision whether to authorize litigation against Circuit City to enforce the EEOC's determination that the AIRP violated virtually all federal employment laws. In fact, the EEOC represented to the Court that the agency was not even able to reach a decision on that subject because it lacked a quorum of Commissioners. The latter representation was made in pleadings filed in the fall of 1997 and the former representation was made throughout the proceedings.

Circuit City has moved for reconsideration of the July 21 Opinion, urging that the motion be considered as one to alter or amend judgment pursuant to Fed.R.Civ.P. 59(e). For the reasons set forth below, Circuit City's motion for reconsideration is granted and the July 21 Opinion is vacated.

## DISCUSSION

"While the Rule [59(e) ] itself provides no standard for when a district court may grant such a motion, courts interpreting Rule 59(e) have recognized three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton,* 994 F.2d 1076, 1081 (4th Cir.1993). *Accord EEOC v. Lockheed Martin Corp.,* 116 F.3d 110, 112 (4th Cir. 1997); *Collison v. Int'l Chem. Workers Union,* 34 F.3d 233, 236 (4th Cir.1994). Circuit City seeks relief on the basis of the second and third grounds identified in *Hutchinson,* the existence of new evidence not available at trial and the prevention of manifest injustice. Both the new evidence and the manifest injustice arguments are based on the fact that the EEOC has taken enforcement actions

which: (a) disprove the representations of the EEOC respecting the finality of the agency action in which the EEOC determined that the AIRP violated federal law; and (b) prove that the action for declaratory judgment filed by Circuit City was ripe for judicial resolution.

First, Circuit City points to actions taken by the EEOC against the company in Cleveland in June 1998. There, the EEOC investigated a charge made by a former employee who alleged that he had been sexually harassed, disciplined and discharged because of race and sex. The employee had made no complaint respecting Circuit City's AIRP. However, notwithstanding the absence of such a complaint and notwithstanding that the EEOC had determined that there was "not reasonable cause to believe that [the] Charging Party was discriminated against as alleged," the EEOC nevertheless went on to declare that the AIRP constituted a violation of Tile VII, the Equal Pay Act, the Americans With Disability Act and the Age Discrimination in Employment Act. Of those statutes, only one was implicated by the employee's charge of discrimination.

To address those perceived violations of federal employment law, the EEOC proffered a Conciliation Agreement which bore the style of "In the matter of *U.S. Equal Employment Opportunity Commission v. Circuit City Stores, Inc.*" In that Conciliation Agreement, the EEOC sought class-wide relief and required that Circuit City abandon its AIRP within ten days and in effect treated the matter as a nationwide class determination for purposes of the conciliation.

Circuit City finds further support for its motion for reconsideration in similar action taken by the EEOC in Houston. There the EEOC had before it, but failed to address, an employee's allegations of a discriminatory refusal to hire on the basis of national origin. The effect of the AIRP was not a part of the employee's complaint to the agency. Nonetheless, as it had done in Cleveland, the EEOC made a Determination of broad scope that Circuit City's AIRP violated a panapoly of federal employment discrimination laws, only one of which was implicated in the charge made by the employee. There too,

the EEOC offered a Conciliation Agreement of wide scope, but not as broad as the agreement proffered in the Cleveland proceedings.

Circuit City argues that those two coercive actions by the EEOC in Cleveland and Houston warrant reconsideration of the July 21 Opinion because, in Circuit City's view, those two actions constitute evidence that, contrary to assurances given the Court during this action, the EEOC had determined to proceed with enforcement action against Circuit City to foreclose Circuit City's use of its AIRP. In other words, Circuit City considers that these enforcement actions in Cleveland and Houston showed that the EEOC had misrepresented the true state of affairs when it represented to this Court that the EEOC had made no decision to take enforcement action against Circuit City. This, says Circuit City, animates both the new evidence and the manifest injustice grounds for relief under Rule 59(e).

Additional evidence pertinent to Circuit City's motion under Rule 59(e) came to light during oral argument in *Greenhill v. Circuit City Stores, Inc.*, Civil Action No. 3:98cv376. That action was filed on June 18, 1998. Circuit City responded to the Complaint in *Greenhill* by moving for an Order compelling arbitration, staying the proceedings or dismissing them. The ground upon which that relief was sought was the AIRP. Shortly thereafter, Circuit City moved to compel joinder of the EEOC as a party plaintiff under the provisions of Fed.R.Civ.P. 19(a)(2)(ii). The Court directed Circuit City to afford the EEOC notice of the joinder motion and the EEOC responded, opposing the motion to compel its joinder in any capacity. The plaintiff, Ms. Greenhill, supported the motion to compel joinder of the EEOC, arguing that the EEOC was necessary to a full and fair and complete litigation of the lawfulness of the AIRP.

During oral argument on the motion to compel joinder of the EEOC in *Greenhill v. Circuit City Stores, Inc.*, counsel for the EEOC disclosed that, in January 1998, the EEOC had a full compliment of Commissioners sufficient to constitute a quorum. That fact was never made known to the Court during the pendency of the EEOC's motion

to dismiss in this action. As a consequence, the Court was allowed to issue the July 21 Opinion while acting under the erroneous impression, based on the EEOC's previous representations, that the EEOC lacked a quorum sufficient to determine whether to institute an enforcement action against Circuit City to litigate the determination that the AIRP violated the employment discrimination laws of the United States.

Also, during oral argument in the motion to compel joinder of the EEOC in the *Greenhill* action, counsel for the EEOC disclosed that, in early February 1998, the EEOC, in fact, had authorized enforcement action against Circuit City with respect to the very determination which was the subject of the declaratory judgment in this action and which was the subject of the EEOC's motion to dismiss this action for the reason that no final agency action had been taken by the EEOC because the EEOC had not authorized enforcement action against Circuit City over the AIRP. Moreover, during argument in *Greenhill,* counsel for the EEOC left the impression that nondisclosure of that change in that circumstance had been a deliberate decision on the part of the EEOC or its staff. In essence then, the EEOC allowed this Court to operate under the mistaken belief that the EEOC could not take final agency action and, since February 1998 forward, that the EEOC had not taken final agency action, when in fact, such action had been taken by the EEOC.

In sum, the July 21 Opinion was issued, in significant part, on the basis of representations made by the EEOC in seeking dismissal of this action under the theory that it was not ripe for adjudication. However, the representations, although true when made, had changed while the EEOC's motion was pending. And, the EEOC did not disclose the change in facts which made those representations no longer true.[1]

The recent action taken by the EEOC in Cleveland and in Houston tends to confirm that the authority to proceed with judicial enforcement of the Commission's determination that the AIRP violates federal employment laws was a final agency action, perhaps as early as February 1998. The same evidence also supports Circuit City's argument that the EEOC's decision is being implemented elsewhere with a view to securing litigation in a forum which the EEOC apparently considers more favorable than the one selected by Circuit City for its declaratory judgment action. In particular, it now appears that, as early as February 1998, the EEOC had approved the institution of judicial proceedings to enforce its determination that the AIRP offended the federal employment laws. However, the EEOC, for reasons which are not yet clear (but which—pursuant to another Order—will be soon), did not disclose this agency action, which may have been final well before the Court ruled on the EEOC's motion to dismiss this action on the ripeness theory. When that fact is considered in perspective of the fact that approximately four months later the EEOC in two instances reached out to make a determination on Circuit City's AIRP in investigating complaints even when the Charging Party made no contention respecting the AIRP, it is not unreasonable to deduce that the EEOC declined to disclose what appears to be final agency action so that this Court would decide the ripeness issue favorable to the EEOC. In that event, the EEOC thereafter would be able to institute proceedings respecting the validity of Circuit City's AIRP in venues other than that selected by Circuit City.

There, of course, may be other, less troublesome explanations for the EEOC's failure to set the record straight while the EEOC's motion for dismissal on the ripeness theory was under consideration. The Court has taken steps to establish promptly all of the facts and circumstances surrounding the EEOC's failure to disclose that the Commission was at full strength in January 1998 and that the EEOC had authorized judicial enforcement of its determination that Circuit City's AIRP offended federal employment

---

1. The failure to disclose that the EEOC had authorized enforcement action is especially troublesome because the Court explicitly asked, through counsel, whether the EEOC would consent to join this declaratory judgment action so that there could be a prompt resolution of its position on the AIRP, a decision which was the focal point of Circuit City's declaratory judgment action. The EEOC replied that it did not desire to do so.

law shortly thereafter. The Court also has taken measures to learn the extent to which, if at all, the actions taken with respect to the AIRP by the EEOC in Cleveland and Houston have a bearing on, or a relationship to, either, or both, of the foregoing failures to disclose by the EEOC.

How, if at all, those facts and circumstances ultimately will affect the exercise of jurisdiction in this declaratory judgment action must abide receipt of that information. However, on the facts now known, the Court finds, pursuant to Fed.R.Civ.P. 59(e), that: (1) there is new evidence requiring further consideration of the EEOC's motion to dismiss this action on the ripeness theory; and (2) it would be a manifest injustice for the July 21 Opinion to remain in effect, considering that: (a) representations significant to the substantive outcome of the July 21 Opinion appear not to have been correct at the time the opinion was issued; (b) the EEOC appears to have known that the representations were not correct then; and (c) there may have been deliberate decisions not to correct them.

For the foregoing reasons, the July 21 Opinion is vacated and is of no force and effect. Under the circumstances, it is necessary that the EEOC immediately instruct its staff and counsel that the July 21 Opinion may not be referred to or cited in any way for any purpose in any forum. The EEOC shall implement this directive immediately and shall inform the Court by October 13, 1998 how this requirement has been implemented.

By separate Order the Court has required the parties in this action and in *Greenhill* to take steps to make sure that there is a full and complete record on which to make a determination of the merits of the EEOC's motion to dismiss this declaratory judgment action and the EEOC's opposition to compulsory joinder in *Greenhill v. Circuit City Stores, Inc.*

The Clerk is directed to send a copy of this Memorandum pinion to all counsel of record.

It is so ORDERED.