UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

DAVID C. OBI,

   *Plaintiff-Appellant,*

v.

ANNE ARUNDEL COUNTY, MARYLAND;
ANNE ARUNDEL COUNTY
DEPARTMENT OF PUBLIC WORKS,

   *Defendants-Appellees.*

No. 01-1879

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Andre M. Davis, District Judge.
(CA-00-112-AMD)

Submitted: January 24, 2002

Decided: February 21, 2002

Before WILKINS, WILLIAMS, and TRAXLER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Frederick P. Charleston, Baltimore, Maryland, for Appellant. Linda M. Schuett, County Attorney, William D. Evans, Jr., Senior Assistant County Attorney, Annapolis, Maryland, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

David Obi appeals the district court's orders granting summary judgment to his employer, the Department of Public Works for Anne Arundel County (County), on Obi's claims of employment discrimination on the basis of race, national origin, and reprisal in violation of Title VII of the Civil Rights Act, 42 U.S.C.A. §§ 2000e to 2000e-17 (West 1994 & Supp. 2001) and denying reconsideration of that order. We affirm.

Obi, an African-American male of Nigerian descent, has been employed by the County as a Utility Engineer I since November 11, 1989. In 1997, Obi applied for a promotion to a chemist position. Obi was ranked first among five candidates to be interviewed. A panel of three conducted the interviews in conformity with the county code, during which they individually rated each candidate, averaged the ratings, and selected the individual with the highest rating, Christian Tait, a white, United States born male. Obi ranked third.

After filing unsuccessful claims with the Human Relations Office of the County and the Equal Employment Opportunity Commission (EEOC), Obi sued the County. The County filed a motion for summary judgment, which the district court granted. Thereafter, Obi filed a motion for reconsideration, which the district court denied. Obi timely appealed.

We review an award of summary judgment de novo. *Higgins v. E. I. Dupont de Nemours & Co.*, 863 F.2d 1162, 1167 (4th Cir. 1988). Summary judgment is appropriate when there is no genuine issue of material fact, given the parties' burdens of proof at trial. Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-49 (1986). In determining whether the moving party has shown there is no genuine issue of material fact, we assess the factual evidence and

all inferences to be drawn therefrom in the light most favorable to the non-moving party. *Id.* at 255; *Smith v. Virginia Commonwealth Univ.*, 84 F.3d 672, 675 (4th Cir. 1996).

Title VII prohibits discrimination on the basis of race, color, religion, sex, or national origin. Obi does not present direct evidence he was denied a promotion because of discrimination based on his race and national origin. Therefore, his claim is subject to the *McDonnell-Douglas* burden shifting analysis. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). The employee who is not promoted must prove: (1) he is a member of a protected group; (2) there was an open position for which he applied; (3) he was qualified for the position; and (4) he was rejected giving rise to an inference of unlawful discrimination. *Amirmokri v. Baltimore Gas & Elec. Co.*, 60 F.3d 1126, 1129 (4th Cir. 1995). Once the County set forth a non-discriminatory reason for its action, Obi had to prove by a preponderance of the evidence the proffered reason was pretextual and the County's action was motivated by discriminatory animus. *Texas Dep't of Comm. Affairs v. Burdine*, 450 U.S. 248, 254-56 (1981). Summary judgment is appropriate if no rational factfinder could conclude the action was discriminatory. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 148 (2000); *Rowe v. Marley Co.*, 233 F.3d 825, 830 (4th Cir. 2000).

Accepting the district court's finding Obi established a prima facie case of discrimination, we find Obi failed to establish the County's proffered legitimate, nondiscriminatory reason for its selection was a pretext for discrimination. *See Burdine*, 450 U.S. at 254. The County relied on rank-ordering of candidates by a review panel, based on objective reviews of documentation and subjective interviews during which all candidates were presented with the same questions and rated on their answers. Although both Tait and Obi were qualified for the chemist position, the final tally of the scores placed Tait first and Obi third.

Obi complains he possessed superior qualifications, yet the County selected an external candidate over himself in violation of its stated objective to promote from within whenever possible. However, without evidence the failure to promote was motivated by discrimination, a claim cannot proceed merely with the unsupported allegation of

superior qualifications. *See Vaughan v. MetraHealth Co.*, 145 F.3d 197, 202-03 (4th Cir. 1998). Moreover, advertising externally and selecting an external candidate over internal candidates in alleged violation of company policy does not implicate Title VII because Obi failed to present evidence the policy was implemented differently based on a prohibited classification, such as his race or national origin. *Id.* Because the County set forth a legitimate, nondiscriminatory reason for hiring Tait rather than promoting Obi, and Obi failed to promulgate evidence on which a reasonable jury could find the proffered reason was pretextual, we find the district court did not err in granting summary judgment to the County on Obi's claim of discrimination based on race and national origin.*

Obi further appeals the district court's dismissal of his retaliation claim via summary judgment and the denial of his motion for reconsideration. To prevail on his Title VII retaliation claim, Obi must show: (1) he engaged in protected activity; (2) adverse employment action was taken against him; and (3) a causal connection existed between the first two elements. *Hopkins v. Baltimore Gas & Elec. Co.*, 77 F.3d 745, 754 (4th Cir. 1996).

Obi's claim he was retaliated against when required to log his telephone calls fails because the requirement was not an adverse employment action. *See Von Gunten v. Maryland*, 243 F.3d 858, 865 (4th Cir. 2001). Second, Obi's contention he was retaliated against by a change in his office assignment fails because of the lack of evidence the office assignment was made in retaliation for his filing a discrimination charge. *See Beall*, 130 F.3d at 619; *Munday v. Waste Mgmt. of N. Am., Inc.*, 126 F.3d 239, 242 (4th Cir. 1997). Third, although Obi claims he was denied a pay increase in 1999, the district court's finding of no indication that Obi's performance pay increases were disproportionate with individuals who did not engage in protected activity and that he failed to rebut the County's proffered reason of performance ratings justifying the level of pay increase, was not erroneous. Therefore, we conclude the district court did not err in granting summary judgment dismissing Obi's retaliation claim and did not abuse its discretion in denying his motion for reconsideration. *See*

---

*The County supported its motion for summary judgment as required by Fed. R. Civ. P. 56(c).

*Collision v. International Chem. Workers Union, Local 217*, 34 F.3d 233, 236 (4th Cir. 1994).

Accordingly, we affirm the district court's orders granting the County's motion for summary judgment and denying Obi's motion for reconsideration. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*