**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

VALERO TERRESTRIAL CORPORATION;
LACKAWANNA TRANSPORT COMPANY;
SOLID WASTE SERVICES,
INCORPORATED, d/b/a J. P. Mascaro
& Sons,

        *Plaintiffs-Appellants,*

v.

LAIDLEY ELI MCCOY, Director,
Division of Enviromental Protection
of the Department of Labor,
Commerce and Environmental
Resources of the State of West
Virginia; B.F. CAP SMITH, Chief of
the Division of Waste Management
for the Division of Enviromental
Protection; PUBLIC SERVICE
COMMISSION OF WEST VIRGINIA;
JAMES H. PAIGE, Secretary,
Department of Tax and Revenue for
the State of West Virginia; DARRELL
V. MCGRAW, JR., Attorney General
of the State of West Virginia,

        *Defendants-Appellees,*

and

JOHN RANSON, Secretary, Department
of Labor, Commerce and
Environmental Resources of the
State of West Virginia,

        *Defendant.*

No. 01-2249

Appeal from the United States District Court
for the Northern District of West Virginia, at Wheeling.
Frederick P. Stamp, Jr., District Judge.
(CA-93-189-5-S)

Submitted: May 9, 2002

Decided: June 20, 2002

Before LUTTIG, MOTZ, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

### COUNSEL

Albert A. DeGennaro, Harleysville, Pennsylvania, for Appellants. Silas B. Taylor, Senior Deputy Attorney General, Charleston, West Virginia; Armando Benincasa, William E. Adams, Jr., Charleston, West Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

### OPINION

PER CURIAM:

Appellants Valero Terrestrial Corp., Lackawanna Transport Co., and Solid Waste Services (collectively "Valero") appeal the district court's denial of their motion for attorney's fees and costs under 42 U.S.C. § 1988 (1994) as untimely and their motion for reconsideration of that order. We affirm.

Generally, this court reviews a district court's denial of attorney's fees for abuse of discretion. *Hitachi Credit America Corp. v. Signet Bank*, 166 F.3d 614, 631 (4th Cir. 1999). Where that decision turns on a legal conclusion, however, this court reviews the determination de novo. *Smyth v. Rivero*, 282 F.3d 268, 274 (4th Cir. 2002). We find the district court did not commit legal error or abuse its discretion in denying Valero's motion for attorney's fees.

Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure requires that motions for "attorneys' fees and related nontaxable expenses" be filed "no later than 14 days after entry of judgment" unless otherwise provided by statute or order of the court. Because Valero did not refile or otherwise renew its motion for attorney's fees until five months after this court decided Valero's initial appeal, Valero's motion was untimely. Furthermore, Valero fails to demonstrate "excusable neglect" permitting the district court to reopen the filing period, *see* Fed. R. Civ. P. 6(b)(2).*

Valero also appeals the district court's denial of its Rule 59(e) motion for reconsideration of the order denying its motion for attorney's fees. This court reviews the denial of a Rule 59(e) motion for an abuse of discretion. *See Collison v. International Chem. Workers Union*, 34 F.3d 233, 236 (4th Cir. 1994). This court has recognized three grounds for amending an earlier judgment under Rule 59(e): (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. *Id.* (*quoting Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993)).

---

*Rule 6(b) states:

> When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect . . . .

Because Valero did not assert in its motion that there was an intervening change in controlling law or clear error, nor did it present any new facts or legal theories in its Rule 59(e) motion that the court had not previously considered, we conclude the district court did not abuse its discretion in denying the motion for reconsideration.

Accordingly, we affirm the denial of Valero's Rule 54(b) motion for attorney's fees as untimely and the denial of the Rule 59(e) motion for reconsideration based on the reasoning of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*