**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

LAW ENFORCEMENT ALLIANCE OF
AMERICA, INCORPORATED,
　　　　　　　*Plaintiff-Appellant,*

v.

USA DIRECT, INCORPORATED,
　　　　　　　*Defendant-Appellee.*

No. 03-1983

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Gerald Bruce Lee, District Judge.
(CA-01-930-A)

Submitted: February 3, 2004

Decided: March 26, 2004

Before WILLIAMS, KING, and DUNCAN, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Richard E. Gardiner, Fairfax, Virginia, for Appellant. John Hardin
Young, Joseph E. Sandler, SANDLER, REIFF & YOUNG, P.C.,
Washington, D.C., for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Law Enforcement Alliance of America, Inc. (LEAA) appeals the district court's denial of its motion to alter or amend the judgment. Because the district court did not abuse its discretion in denying the motion to alter or amend, we affirm.

The procedural history of this case is described in some detail in our opinion disposing of LEAA's prior appeal. *See Law Enforcement Alliance of America, Inc. v. USA Direct, Inc.*, 2003 WL 1154115 (4th Cir. Mar. 14, 2003) (*LEAA I*). At this point, the case basically involves USA Direct's attempt to collect the balance of several invoices and finance charges, which LEAA argues it does not owe. Our previous appeal dealt with seven invoices and the finance charges attributable thereto. We held that LEAA was liable for the principal balance on six of the invoices: invoice numbers 6256, 6660, 6736, 6736-1, 6901, and 6441. *Id.* at **4. We also held that LEAA was liable for finance charges on five of the invoices: invoice numbers 6256, 6660, 6736, 6736-1, and 6901. *Id.* at **5. We remanded to the district court for further consideration of the remaining invoices and finance charges. On remand, USA Direct declined to pursue liability for the remaining invoices and finance charges. The district court then entered judgment in accordance with our mandate, holding LEAA liable for the principal balances on Invoices 6256, 6660, 6736, 6736-1, 6901, and 6441, and for the finance charges on invoice numbers 6256, 6660, 6736, 6736-1, and 6901. The district court also awarded sanctions and post-judgment interest, neither of which is at issue here.

LEAA has since paid the principal balance on four of the six invoices: invoice numbers 6660, 6736, 6736-1, and 6901. (Appellant's Br. at 6 n.6.) The principal balance on Invoices 6256 and 6441, and the finance charges on Invoices 6256, 6660, 6736, 6736-1, and 6901 are at issue in this appeal. We previously addressed all of the issues that LEAA raises in this appeal and decided them against LEAA.

"We review the denial of a motion to alter or amend under Fed. R. Civ. P. 59(e) for abuse of discretion." *Collision v. Int'l Chemical*

*Workers Union, Local 217*, 34 F.2d 233, 236 (4th Cir. 1994). "In the Rule 59(e) context, we have previously stated that while the Rule itself provides no standard for when a district court may grant such a motion, courts interpreting Rule 59(e) have recognized three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Id.* (quotation marks omitted).

In this appeal, LEAA essentially argues that the district court abused its discretion in denying the Rule 59(e) motion because there was a clear error of law in the district court's entry of judgment. The clear error that LEAA identifies is that the district court's judgment was in accordance with our mandate. In the vast majority of cases, our mandate is controlling on the district court. *United States v. Bell*, 5 F.3d 64, 66 (4th Cir. 1993). A district court, however, has some limited discretion to reopen issues covered by our mandate in certain extraordinary circumstances, one of which is when "a blatant error in the prior decision will, if uncorrected, result in a serious injustice." *Id.* at 67. LEAA argues that the district court should not have entered judgment in accordance with our mandate because our prior decision contained "blatant errors . . . which will, if uncorrected, result in a serious injustice." (Appellant's Br. at 9.)

Having thoroughly reviewed the record and LEAA's arguments on appeal, we hold that our prior decision did not contain any blatant errors. Accordingly, the district court was bound by our mandate and did not abuse its discretion in denying the motion to alter or amend the judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*