## Jacqueline REESE

v.

## NEW YORK LIFE INSURANCE COMPANY.

### Civil No. S 95–3487.

United States District Court, D. Maryland.

Sept. 24, 1996.

Wayne G. Gracey, Hampstead, MD, for plaintiff.

Jacqueline Reese, Littletown, PA, pro se.

Gregory L. VanGeison, Baltimore, MD, for defendant.

## MEMORANDUM OPINION

SMALKIN, District Judge.

This matter is before the Court on the parties' cross-motions for summary judgment, as to which no oral hearing is needed. Local Rule 105.6, D. Md.

The plaintiff is insured under a disability policy issued by the defendant. There is no question that she qualified for benefits under the policy, on account of her disability. When she had exhausted the "maximum benefit term" of the policy ("5 years but not beyond age 65 ...,") she applied for an extension of the benefit term under the following policy provision:

> Extension of Benefit Term When a benefit term ends, we will consider any later covered income loss a part of and extension of the prior benefit term only if both the following conditions are met. First, the injury or sickness which causes the later covered income loss must be the same as or related to the injury or sickness which caused the prior covered income loss. Second, the later covered income loss must occur within 6 months after the end of the prior benefit term and while this policy is in force. If the second condition is not met while this policy is in force, a new waiting period will start on the first day of the calendar month in which the later covered income loss occurred, and a new maximum benefit term will apply. If the first condi-

tion is not met, this extension of Benefit Term provision does not apply.

The sought–after extension was denied by the defendant on the ground that, in no event would benefits be paid under the policy in excess of the "maximum benefit term" of 5 years. This litigation ensued.

 Under Maryland law, where the terms of an insurance policy are unambiguous, construction of the policy is for the court. *Federal Leasing, Inc. v. Amperif Corp.*, 840 F.Supp. 1068, 1073 (D.Md.1993). In this case, the Court is of the opinion that the policy unambiguously provides that benefits thereunder will not be paid in excess of the 5–year "maximum benefit term." The extension clause relied upon by the plaintiff, speaking of extension of a benefit term, obviously refers only to a term that ends because of a resumption of work but resumes on account of a "later covered income loss."

It is true that a benefit term can end, under the definition of "benefit term," at "the end of the maximum benefit term [5 years] shown on the Data page." It is, however, clear that the extension clause, phrased in terms of extending benefits to include "any later covered income loss [as] a part of an extension of the prior benefit term" applies only to those benefit terms that end because "there is no covered income loss for a calendar month," not because the end of the maximum term of insurance provided under the policy has been reached on payment of the sixtieth month of benefits. To construe the policy otherwise would lead to perpetual coverage for the plaintiff, a situation plainly not contemplated by the unambiguous policy term limiting maximum duration of benefits to 60 months. To adopt the plaintiff's construction of the policy would create coverage where there is none, by singling out one policy provision in derogation of the overall obligation of the insurer. Maryland law does not countenance such a result.

For example, although particular phrases in the policy could be read otherwise, the Court of Appeals of Maryland, in the closest case on point found by this Court, held that an insured could not obtain perpetual disability benefits (limited under the policy to a maximum term of 52 weeks) simply by renewing the policy. *Commercial Cas. Ins. Co. v. Webb*, 210 Md. 8, 121 A.2d 832 (1956). In rejecting the insured's claim, the Court of Appeals stated, "This amounts to a claim that the insurer agreed to indemnify against permanent disability from illness. The policy and the riders, read together, show that it made no such agreement." 210 Md. at 16, 121 A.2d 832. Here, as in *Webb*, the insurer made no agreement to pay disability payments for life.

Finally, it is true that the policy does not expressly state that premiums are no longer payable after the maximum benefit term has been reached, but there are two ready answers to the contention that this aspect of the policy binds the company to indefinite extension of the benefits. The first is that the premiums are, under the policy generally (and have been expressly in this case), waived for the duration of the disability, whether or not benefits are being paid. The second is that no one in his or her right mind would actually pay the premiums for coverage that no longer exists, once having been expressly informed that the maximum under the policy has been paid.

For all these reasons, the Court is of the opinion that defendant's motion for summary judgment must be granted, and the plaintiff's like motion must be denied. A separate order will be entered accordingly.

## ORDER AND JUDGMENT

For the reasons stated in the foregoing Memorandum Opinion entered herewith, it is, this 23rd day of September, 1996, by the Court, ORDERED and ADJUDGED:

1. That the defendant's motion for summary judgment BE, and it hereby IS, GRANTED;

2. That the plaintiff's cross-motion for summary judgment BE, and it hereby IS, DENIED;

3. That judgment BE, and it hereby IS, entered in favor of defendant, and against the plaintiff, each party to bear its own costs; and

4. That the Clerk of Court mail copies hereof and of the foregoing Memorandum Opinion to counsel for the parties.