**Allan J. CULVER, Jr.**

v.

**CONTINENTAL INSURANCE COMPANY.**

No. CIV. S 97–1807.

United States District Court, D. Maryland.

April 15, 1998.

Opinion Denying Motion to Alter or Amend April 29, 1998.

Herbert A. Terrell, Bel Air, MD, Terrance A. Materniak, Severna Park, MD, for Plaintiff.

James M. Brault, Albert D. Brault, Rockville, MD, Barrett W. Freedlander, Law Offices of Mary T. Keating, Baltimore, MD, David W. Erb, Weinberg & Green, LLC, Baltimore, MD, for Defendant.

## MEMORANDUM OPINION

SMALKIN, District Judge.

This is a civil diversity case that was removed to this Court by the remaining defendant, a legal malpractice insurer. This case has been transferred to me from Judge Nickerson. The defendant has moved for summary judgment, and the plaintiff has cross-moved for summary judgment. The defendant's motion will be granted, for reasons stated hereafter. No oral hearing is needed. Local Rule 105.6, D. Md.

The plaintiff, an attorney, represented an individual named Borowiak in a difficult divorce proceeding. The relationship between the plaintiff and Ms. Borowiak became stormy, to say the least. On February 9, 1995, Ms. Borowiak wrote Mr. Culver a letter accusing him of overcharging her, mishandling her appeal, and coercing her into sexual activity with him. On April 25, 1995, the plaintiff's appearance for Ms. Borowiak was stricken in the divorce proceedings. He also was stricken as counsel on appeal.

On or about August 3, 1995, Mr. Culver received a letter from Ms. Borowiak's new attorney, Mr. Ballenger, as follows:

I have been retained by Dawn Borowiak regarding the extreme harm she has suffered as a result of your "representation" of her during her divorce proceedings. In addition to sexually abusing her, you have overbilled for work allegedly done, abandoned your representation of her after collecting your fees, advised her to use charge cards to pay your fee in anticipation of bankruptcy and otherwise committed serious breaches of professional responsibility.

If you wish to resolve this matter prior to my filing suit, I suggest that either you or your attorney contact me within the next thirty days.

On October 5, 1995, a few months after his receipt of the Ballenger letter, Mr. Culver applied for a professional liability policy from the defendant, Continental. The policy was subsequently issued. On his application, he answered *"no"* to a question asking if "any attorney for whom coverage is sought know[s] of any circumstance, act, error, or omission that could result in a claim or suit against the applicant...." The policy was issued under date of November 16, 1995, as a "claims made" policy.

The present suit concerns only the issue of whether Continental was under any duty to defend and/or to cover with regard to litigation brought by Ms. Borowiak against Mr. Culver, arising out of his representation of her in the divorce proceedings, which terminated before the policy was issued.

The answer is clearly *"NO"*.

There is no dispute of fact in this case warranting trial, and defendant is clearly entitled to judgment in its favor as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

This is not a case where coverage is questionable or where there is even an arguable duty to cover and/or to defend under the policy. Neither is it a case of a material misrepresentation in the policy application, although it is arguable that such a case can be made. Rather, this is simply a case of whether there is any triable issue on the applicability of a clear policy coverage provision. Where policy language is unambiguous, Maryland courts construe it as a matter of law. *Reese v. New York Life Ins. Co.,* 965 F.Supp. 9 (D.Md.1996), *aff'd,* 113 F.3d 1232, 1997 WL 253019 (4th Cir.1997)(table).

Here, the policy clearly covers claims made during the policy period only if "The Named Insured ... had no reasonable basis to believe that Insured had breached a professional duty or to foresee that a Claim would be made against the Insured." A claim is defined as "a demand received by the Insured for money or services, including the service of suit...." The language in question does not mean that a claim, as defined, must actually have been made on the

insured prior to the policy period. What it means, clearly and unambiguously, is that if it was foreseeable to the insured at the time the policy was issued that a claim would be made against him, the claim is not a peril against which he is insured.

Here, the letter from Ms. Borowiak, and most importantly, the letter from Mr. Ballenger, both of which were received by Mr. Culver well prior to the policy's issuance, unquestionably gave him reason to foresee that a claim would be made against him for acts that had occurred before the inception of the policy. In fact, the Ballenger letter expressly threatened suit. No lawyer receiving the Ballenger letter, the text of which is set forth above, could plausibly contend that he did not have a reasonable basis to foresee a claim against him on the basis of the contents of that letter. No reasonable fact finder could find otherwise, and, thus, the defendant is clearly entitled to judgment in its favor as a matter of law. *Anderson v. Liberty Lobby, Inc., supra.*

For the reasons stated, an Order will be entered separately, granting the remaining defendant's motion for summary judgment, denying the plaintiff's cross-motion, and awarding costs of this proceeding to the defendant.

### ORDER AND JUDGMENT

For the reasons stated in the foregoing Memorandum Opinion, it is, this 15th day of April, 1998, by the Court, ORDERED and ADJUDGED:

1. That remaining defendant Continental Insurance Company's motion for summary judgment BE, and it hereby IS, GRANTED;

2. That plaintiff's cross-motion for summary judgment BE, and it hereby IS, DENIED;

3. That judgment BE, and the same hereby IS, entered in favor of the defendant, against the plaintiff, with costs; and

4. That the Clerk of Court mail copies hereof and of the foregoing Memorandum Opinion to plaintiff and to counsel for the defendant.

### MEMORANDUM OPINION ON MOTION

The plaintiff has moved to alter or amend the Court's Order and Judgment of April 15, 1998, invoking Fed.R.Civ.P. 59. The motion is summarily *denied.*

Although reasonableness is quite often a question of fact, summary judgment may properly be granted where, for example, no reasonable fact finder could come to a different conclusion than that a certain state of affairs was reasonably foreseeable. *See Anderson v. Liberty Lobby,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Although the Court, in its earlier Opinion, referred to certain letters, which were sufficient to support its view of the case, there is other evidence in the record that plainly shows that a malpractice claim was reasonably foreseeable as a matter of law to Mr. Culver when he applied for the insurance. On November 6, 1995, a month prior to signing the application for coverage, Mr. Culver filed a lawsuit against Ms. Borowiak in the Circuit Court for Baltimore City, in which he alleged, in paragraph 6, that Ms. Borowiak had "threatened to sue" Mr. Culver for "alleged acts of misconduct." Paragraph 8 of the complaint goes on to state that Ms. Borowiak had claimed, both orally and in writing, that Mr. Culver "did not perform or, was negligent in performing a professional service." Regardless of whether these claims had any merit, based on the allegations he personally made, per Culver, certainly had a reasonable basis to foresee that a claim would be made against him, if, indeed, one had not already been so made by Ms. Borowiak.

This is not a case in which an estoppel or waiver may properly be asserted against the insurer, because the issue is not whether the policy was void or voidable on account of material misrepresentations, but whether the claimed peril was insured against in the first place.

Continental has no duty to defend, because it was plain that the claims alleged by Ms. Borowiak are plainly excluded from the policy coverage. *See Brohawn v. Transamerica Ins. Co.,* 276 Md. 396, 407, 347 A.2d 842 (1975). Although the policy language in this case as in *Brohawn,* agrees to defend the insured even if against groundless claims,

and, is, thus "litigation insurance," *Brohawn*, 276 Md. at 410, 347 A.2d 842, the duty to defend plainly ends where a court, as here, has determined that a claim is not covered.

For the reasons stated, an Order will be entered separately, denying the plaintiff's motion to alter or amend.

### ORDER

For the reasons stated in the foregoing Memorandum Opinion, it is, this 29th day of April, 1998, by the Court, ORDERED:

1. That plaintiff's motion to alter or amend the Court's Judgment and Order of April 15, 1998, BE, and it hereby IS, summarily DENIED; and

2. That the Clerk of Court mail copies hereof and of the foregoing Memorandum Opinion to counsel for the parties.