UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ALLAN JAMES CULVER, JR.,
Plaintiff-Appellant,

v.

CONTINENTAL INSURANCE COMPANY,

No. 98-1772

Defendant-Appellee,

and

LEGAL MUTUAL INSURANCE COMPANY,
Defendant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Frederic N. Smalkin, District Judge.
(CA-97-1807-S)

Argued: January 26, 1999

Decided: July 16, 1999

Before ERVIN, MOTZ, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished opinion. Judge Ervin wrote the opinion, in
which Judge Motz and Judge Traxler joined.

_____

**COUNSEL**

**ARGUED:** Herbert Arthur Terrell, Pittsburgh, Pennsylvania, for
Appellant. James Michael Brault, BRAULT, GRAHAM, SCOTT &
BRAULT, L.L.C., Rockville, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

ERVIN, Circuit Judge:

Appellant Allan J. Culver, Jr. ("Culver"), a Maryland attorney, sued his malpractice carrier, appellee Continental Insurance Company ("Continental"), seeking a declaration that the insurer was obligated to defend and indemnify him in connection with a suit by a former client, Dawn Borowiak ("Borowiak"). Culver appeals from the district court's grant of summary judgment in favor of Continental. The district court ruled that Borowiak's claim was excluded from coverage by the terms of Culver's insurance policy. Culver now contests the propriety of summary judgment, citing certain disputes of fact in the record and insisting that the coverage provisions of his contract are ambiguous. We find to the contrary that the coverage term at issue has a plain meaning, and further, that the facts material to our resolution of this appeal are undisputed. Summary judgement was entirely appropriate on the record before us; thus, we affirm.

I.

Prior to the date on which he first sought malpractice coverage from Continental, Culver represented Borowiak in a contentious divorce proceeding. Dissatisfied with her custody award and financial settlement, Borowiak agreed with Culver that she should appeal the judgment. Yet soon thereafter, on February 9th, 1995, Borowiak wrote to Culver, terminating his representation of her and requesting a refund of the legal fees that she had paid in advance of the appeal. In this same letter Borowiak accused Culver of unethical and potentially tortious conduct; specifically, she alleged that Culver had extorted money and sexual favors from her, had propelled her into bankruptcy by inducing her to pay excessive legal fees with cash advances from her credit cards, and then had refused to inform her of his progress on the appeal.

2

On February 16th, 1995, Culver responded to Borowiak in writing. Culver advised his client that, due to her accusations of misconduct and in light of her prior threats to initiate a lawsuit against him, he no longer intended to pursue the appeal on her behalf. Culver then filed and was granted both a motion to extend the time for Borowiak to file her appellate brief, and a motion to strike his own appearance as Borowiak's counsel.

Subsequent to these events, Culver received an August 3, 1995, demand letter from Borowiak's replacement counsel. This letter summarized Borowiak's potential tort claims against Culver and threatened a lawsuit if Culver did not agree to settle the matter within 30 days. Approximately one month later, Culver himself sued Borowiak for slander, invasion of privacy, and duress. Shortly after filing suit against his former client, Culver applied to Continental for professional liability coverage.

The coverage that Culver sought from Continental was a "claims made" policy, a term that in the insurance vernacular refers to a policy covering all claims reported during the policy period. This coverage extended to claims arising from acts or omissions predating the inception of the policy period, but only if the insured did not have a reasonable basis to foresee such claims at the time that the policy issued.

To obtain malpractice coverage Culver was required to complete and sign Continental's application form. Culver's responses to this form include his answer of "No" to the following question:

> Does any attorney for whom coverage is sought know of any circumstance, act, error or omission that could result in a claim or suit against the applicant or any predecessor or any of the former or current members of the applicant?

The very next line of the Continental application contains a clause, printed in bold type, that provides as follows:

> It is agreed that if such knowledge or information exists, any claims or action arising therefrom will be excluded from the proposed coverage.

3

"Claim" is defined by the language of the policy as "a demand received by the Insured for money or services, including the service of suit or the institution of any arbitration proceeding against the Insured."

When completing the Continental application Culver acknowledged a prior malpractice claim against him -- a claim that his former insurer, Legal Mutual, had settled on his behalf. [1] Yet Culver failed to inform Continental of the letter that he had recently received from Borowiak's attorney, despite the fact that this letter threatened a lawsuit against him.

Continental delayed its processing of Culver's application while the company sought additional information about the prior malpractice claim that Culver had acknowledged. On November 2, 1995, Culver resubmitted his application to Continental, along with a required "update letter" certifying that he remained unaware of any circumstances that could give rise to a claim against him. Upon receipt of this information, Continental issued a policy covering Culver for acts and omissions during a one-year period that commenced on October 10, 1995. The insurance agreement also covered Culver for claims arising from acts and omissions occurring prior to that date, provided that "[the insured] had no reasonable basis to believe that the Insured had breached a professional duty or to foresee that a Claim would be made against the Insured."

On October 25, 1995, one week prior to his reapplication for insurance, Culver received Borowiak's answer to his own slander complaint. In her answer Borowiak raised the affirmative defense of contributory negligence.

Following his receipt of Borowiak's answer, Culver appears to have resisted the attempts of Borowiak's attorney to schedule depositions. In a November 8, 1995, letter Borowiak's attorney again threatened to file suit against Culver if the parties failed to reach a

_____

[1] Legal Mutual, Culver's previous insurer, was a named defendant in Culver's original complaint; the circuit court judge in Baltimore granted summary judgment for Legal Mutual before Continental removed the case to federal court. Legal Mutual is not a party to this appeal.

4

settlement agreement. In December of 1995, three days prior to the appointed date for his deposition, Culver voluntarily dismissed his own lawsuit, stating in a letter to Borowiak's attorney, "I believe I have made my point to Ms. Borowiak and you."

Borowiak filed her threatened suit against Culver in early March, 1996. The complaint alleged negligence, breach of fiduciary duty, breach of contract, battery, intentional infliction of emotional distress, and malicious prosecution. Once this suit had been filed against him, Culver notified Legal Mutual and Continental of the claim. Both insurers refused to defend Culver or to indemnify him for any settlement with Borowiak.

Culver then filed the instant case in state court, seeking a declaratory judgment that his insurers had a duty to defend and indemnify him under Maryland law. The Circuit Court for Baltimore City granted summary judgment for Legal Mutual (whose policy had lapsed) but denied Continental's motion for summary judgment, seemingly because the state court judge found a material dispute of fact as to whether the Borowiak claim had been foreseeable when Culver applied for insurance with Continental.

Continental removed the case to federal court and filed a motion for summary judgment. The district court granted the motion, concluding that the letters from Borowiak and her attorney "unquestionably" gave Culver reason to foresee that a claim would be made against him.

II.

We review a district court's grant of summary judgment de novo. See Higgins v. E.I. DuPont de Nemours & Co., 863 F.2d 1162, 1167 (4th Cir. 1988). To survive a motion for summary judgment, the non-moving party must demonstrate that factual disputes are material and genuine. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact . . . ." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

5

Under Maryland law, when policy language is unambiguous a judge may determine the applicability of a coverage provision. See Reese v. New York Life Insur. Co., 965 F.Supp. 9, 10 (D.Md. 1996), aff'd, Reese v. New York Life Insur. Co., 113 F.3d 1232 (4th Cir. 1997) (Table). Culver argues that the meaning of the term "claim," as defined by his policy, is subject to doubt. We disagree. "Claim" is defined unambiguously by the language of the policy as "a demand . . . for money or services." Borowiak's letter and that of her attorney clearly fall within the scope of this definition.

Culver also disputes the district court's interpretation of the policy's foreseeable claims exclusion clause. Culver maintains that Borowiak's claim was not foreseeable because his client had no reasonable basis in fact or law to bring a cause of action against him.

We reject Culver's argument that the foreseeable claims exclusion requires an applicant for malpractice coverage to disclose only those claims that the applicant, in his own subjective judgment, deems reasonable. The plain language of the application excludes coverage for any claim, meritorious or otherwise, that an applicant could have reasonably foreseen at the time the policy issued. The policy language invokes an objective standard of foreseeability, and under this standard no reasonable juror could find Culver did not foresee Borowiak's claim when he applied to Continental for liability coverage.[2]

Lastly, Culver relies on the Fourth Circuit case of St. Paul Fire and Marine Insur. Co. v. Jacobson for the proposition that a district court should not construe coverage as a matter of law and thereby make public policy regarding insurance. 48 F.3d 778, 783 (4th Cir. 1995). This reliance is misplaced, because Jacobson concerned rescission of coverage, an issue not raised in the instant case. See id. at 780.

_____

[2] In his brief Culver also argues that the district court erred in denying his Rule 59 motion to alter or amend the judgment. The Fourth Circuit has recognized that an earlier judgment may be amended to correct errors of law, to accommodate an intervening change in the controlling law, to account for previously unavailable evidence, or to prevent manifest injustice. See Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993). None of these circumstances obtain in the instant case, thus the district court did not abuse its discretion in denying the motion.

6

Because Continental is not seeking to rescind coverage of a claim otherwise countenanced by the policy, Culver's arguments regarding estoppel and waiver are inapposite here.

Accordingly, the judgment of the district court is

AFFIRMED.

7