**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

DARCEL SAN GIACOMO-TANO; EUGENE
D. TANO,
Plaintiffs-Appellants,

v.                                                          No. 98-2060

CHARLES D. LEVINE; PATRICK A.
HAYE; WAYNE L. BANKS,
Defendants.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Andre M. Davis, District Judge.
(CA-98-1691-AMD)

Submitted: January 12, 1999

Decided: October 27, 1999

Before WIDENER and TRAXLER, Circuit Judges, and HALL,*
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

G. Macy Nelson, Towson, Maryland, for Appellants.

_____

*Senior Judge Hall participated in the consideration of this case but
died prior to the time the decision was filed. The decision is filed by a
quorum of the panel pursuant to 28 U.S.C. § 46(d).

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Darcel San Giacomo-Tano and Eugene D. Tano (Appellants) appeal the district court's order dismissing their civil cause of action arising from an automobile accident in Maryland. The district court dismissed the action without prejudice as a result of the Appellants' failure to effect service of process within 120 days as required by Fed. R. Civ. P. 4(m). Because there was no abuse of discretion on the part of the district court in dismissing the action, we affirm.[1]

Appellants filed their complaint in the district court for the District of New Jersey on June 11, 1997. On January 28, 1998, the New Jersey district court issued a show cause order regarding the Appellants' failure to effect service of process on the named defendants. In persuading the New Jersey district court to withdraw its call for dismissal, counsel filed an affidavit stating that he had unsuccessfully attempted service by mail and was endeavoring to locate current addresses for the defendants. Counsel made this representation in February 1998. In March, counsel sought permission to have service of process made by a private process server in Baltimore, Maryland, rather than seek the assistance of the United States Marshal in New Jersey. That permission was granted. At the same time, counsel sought to have this action transferred to the District of Maryland. The district court in New Jersey granted the motion and the clerk for the District of Maryland received and docketed the case on May 29, 1998.

_____

[1] Although the Appellants' notice of appeal specifies the district court's order declining to reconsider the order of dismissal, the Appellants do not advance any argument on appeal that would suggest that the district court abused its discretion in denying the motion for reconsideration. See Collison v. International Chem. Workers Union, Local 217, 34 F.3d 233, 236 (4th Cir. 1994).

2

On June 3, 1998, 126 days after the first show cause order and nearly a year after the filing of the complaint, the district court for the District of Maryland issued its own show cause order regarding the continuing failure of counsel to effect service of process. In response, counsel filed an affidavit chronicling the failed attempt at service by mail, the request for authorization to use a private process server, and the transfer of the case to Maryland.[2] Notably, counsel did not show the court that the process server had been retained or suggest that any progress had been made in discovering the whereabouts of the defendants.

In addition to specifying the 120-day period for service of process, Rule 4(m) states that "if the plaintiff shows good cause for the failure [to serve in a timely way], the court shall extend the time for service for an appropriate period." Although this language appears to require the district court to grant requested extensions of time, the requirement applies only if the plaintiff can establish good cause, and the determination whether good cause exists is one entrusted to the district court's discretion. See Panaras v. Liquid Carbonic Indus. Corp., 94 F.3d 338, 340-41 (7th Cir. 1996); see also Boley v. Kaymark, 123 F.3d 756, 758 (3d Cir. 1997), cert. denied, ___ U.S. ___, 66 U.S.L.W. 3399 (U.S., Feb. 23, 1998) (No. 97-875); Hendry v. Schneider, 116 F.3d 446, 449 (10th Cir. 1997). Even if a plaintiff does not establish good cause, the district court may in its discretion grant an extension of time for service. See Henderson v. United States, 517 U.S. 654, 663 (1996); Panaras, 94 F.3d at 341; Hendry, 116 F.3d at 449.

An abuse of the district court's discretion occurs when it either fails or refuses to exercise its discretion, or relies on an erroneous determination of the applicable law or facts. See James v. Jacobson, 6 F.3d 233, 239 (4th Cir. 1993). The Appellants suggest that the district court erred by failing to sufficiently take into account that "valid service could not have been achieved" while the case was pending in the New Jersey district court. The Appellants contend that because the New Jersey district court would not have had personal jurisdiction over the defendants, there could have been no "valid service" effected by the New Jersey court's summons.

_____

[2] Counsel noted in a Supplemental Affidavit that the statute of limitations had run.

3

Even assuming that this argument was presented to the district court,[3] it is not evidence that the district court abused its discretion. Generally speaking, in determining whether to dismiss the complaint for a violation of Rule 4(m), the primary focus is on the plaintiff's reasons for not complying with the time limit in the first place. See MCI Telecommunications Co. v. Teleconcepts, Inc., 71 F.3d 1086, 1097 (3d Cir. 1995). In the initial affidavit in opposition to the Maryland district court's show cause order, Appellants' reasons for not complying with the 120-day limit were confined to counsel's inability to effect service of process by mail on the first attempt, and the fact that the case was transferred to the Maryland district court. The district court concluded that these reasons did not constitute"good cause."

The Appellants have not shown how the district court abused its discretion in reaching this conclusion. Although the Appellants' concerns about the validity of service of process are cogent, and could, under some circumstances, constitute good cause for their failure to make service of process within 120 days from filing suit, it was not an abuse of the district court's discretion to determine that under these circumstances, that concern was not sufficient. This is especially true in light of the relative inactivity of counsel in attempting to locate the defendants so that they might be served and the fact that the delay occasioned by the transfer was created by the Appellants. Because there is no evidence of record that the district court relied on either an erroneous factual or legal determination in exercising its discretion to dismiss the action, there was no abuse of discretion on the part of the district court.

Appellants next contend that the district court erred in not applying what they claim was the law of the case with respect to good cause for their failure to effect service of process. They argue that because

---

[3] In the motion for reconsideration of the district court's order dismissing the action, counsel stated that it "simply made no sense" to serve the defendants with a New Jersey summons after the Appellants had sought to transfer the case to Maryland. Although the argument presented to the district court is debatably distinct from the contention Appellants raise on appeal, we will assume for the purposes of this appeal that the issue is properly preserved. Cf. United States v. One 1971 Mercedes Benz, 542 F.2d 912, 915 (4th Cir. 1976); see also Local Rule 34(b).

4

the district court for the District of New Jersey determined that good cause existed, the district court for the District of Maryland should have considered that decision the law of the case. The law of the case doctrine generally, regulates judicial affairs prior to the entry of final judgment. See 18 Charles Alan Wright et al., Federal Practice and Procedure § 4478 (1981). While courts generally adhere to this principle and decline to revisit previously decided issues, the law of the case is only a matter of practice and, as such, does not limit the power of the court to reopen matters already decided. See id.; see also CNF Constructors, Inc. v. Donohoe Constr. Co., 57 F.3d 395, 397 n.1 (4th Cir. 1995) (stating that the law of the case doctrine is "discretionary and not mandatory"); Capital Investors Co. v. Executors of Morrison's Estate, 584 F.2d 652, 654 (4th Cir. 1978) ("The principle [of law of the case] is not absolute nor inflexible."). Accordingly, we conclude that the district court was well within its authority to revisit the Rule 4(m) issue addressed previously by the New Jersey district court.

In addition, the district court unquestionably has the power to revisit an issue, like the continued failure to effect service of process, where the underlying factual basis for a prior ruling has changed. In light of the lapse of four additional months since the first show cause order, counsel provided evidence of little progress in completing the task of service of process. The district court was within its discretion to revisit the propriety of a dismissal as sanction for the continued failure of service of process.

As a result, we find no error in the district court's dismissal of the Appellants' civil action for their failure to comply with the 120-day period imposed by Fed. R. Civ. P. 4(m). The district court's order is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED

5